Judge Wright
dissented:
The bond taken by the sheriff, he was authorized by the statute to take for his own security. 29 Ohio L. 103. Does his doing so, and the failure of the obligor to deliver at the time of sale, subject him to amercement? That appears to me the true question in this case. The proceedings on the amercement are admitted to have been regular, if the case was one for which the sheriff could be amerced. The statute authorizes an amercement of the sheriff in the following eases:
1. Of neglect or refusal to execute the writ of execution; to sell property levied upon; to pay over to the plaintiff, on demand, his debt on the amount made; or to pay over to the defendant, on demand, the surplus, if any.
2. Of mere neglect to call an inquest and return a copy of the appraisement to the clerk: or to return the writ; or to return an inventory of goods levied upon, if the whole debt is not made.
Eor the neglect or refusal to pay over money, the amercement is for the sum withheld, with ten per cent, penalty thereon. *In [453 all the other cases the court has no discretion in the amount, but the amercement is for the whole debt or money due, with ten per cent, penalty thereon, and costs.
The proceeding under this statute is summary and penal, and is not to be extended beyond its letter and spirit. It is intended to induce the officer to an exact performance of his duty; to prevent the interposition of his discretion between the commands of the writ and the law for the ease and favor of the debtor, and to punish in a very summary way neglect and refusal to do his duty. What duty, in the case before us, had the sheriff refused or neglected to perform for which he was amerced? To sell the. iron levied upon and delivered on bond ? He did not refuse to sell. Did he neglect? Neglect supposes some fault in the officer. Was there any fault in this case? The law authorized him to take bond for the delivery of the articles he had levied upon. This he did in good faith. He did not sell, because he had nothing to sell; the goods *460 were removed from his custody according to law, and were at the-time of sale lawfully beyond his control. If replevied, or delivered up on proof of ownership in another than the defendant, they would have been removed from him no more in accordance with law j yet returning these facts could he be amerced? If proceedings are stayed by injunction from chancery, and bond given to abide the decree, the sheriff is directed to repay to the complainant all money made on the execution and not paid over, 29 Ohio L. 89. Would he be liable to amercement if he refused to pay to plaintiff afterward ? That will hardly be claimed; yet he has collected money for the plaintiff, and neglected and refused to pay it over to him; and if he be not excused from amercement because the money has gone from him under the sanction and operation of law, I do not see what protects him against it. On the other hand, if it be that in either of the cases, the officer is exempt from amercement because he has neither neglected nor refused to perform his duty, but only done what bylaw he was'authorized to do, I am unable to find the reason why the principle does not apply to the case under consideration. Suppose the sheriff had the goods at the place of sale, had offered them, and was unable to sell because of no one bidding, has he neglected to effect a sale ? Is he liable to amercement ? The answer is, no. He could not effect a sale according to law, and therefore is not liable to amercement, to pun-454] ishmont as a wrong-doer. It seems *to me these cases depend on analogous principles, if not upon those identically the same, and that the only sensible and just interpretation of the statute is. the one which supposes the officer only liable to this highly penal-proceeding for some neglect or positive breach of duty. The injustice of the construction necessary to sustain the amercement-will appear probable from a single consideration. If the goods levied upon and bonded were bulky, incapable of being reduced •to actual possession, though not of a tenth part the value of the debt, and though the expense of guarding them, or removing them to a place of safety, might exceed by ten-fold their entire value, yet-if bonded, and not delivered at the time of sale, the sheriff would be liable to pay to the plaintiff more than ten times their value, and ten per cent, upon the whole sum. If an execution of a thousand dollars be levied on a stack of hay worth five dollars, which is bonded in case of non-delivery, the sheriff would have to pay, not the five dollars lost, but the eleven hundred dollars! And for this *461 ■he would hardly have day in court; a judgment would go against him on mere motion! It is impossible for me to conceive the legislature ever intended to provide for such a state of things .against any person, and much less to subject a highly responsible public officer to such enormous penalty.
The construction I give the statute can work no injustice to any -one. If the officer neglect or willfully x’efuse to perform his duty in cases where the sum is ascertained, he is liable to the amount and ten per cent, penalty, as punishment for his neglect or wrong ■act. If the amount is not ascertained because of the neglect or refusal of the officer, the whole debt is the proper measure of dam.age, because he whose duty it was to furnish the evidence of the less sum withholds it. If the injury to the plaintiff arise without the fault of the officer, the injured party is left to assert his rights at common law as in other cases of injury. If this remedy is x'e-sorted to, instead of the amercement, the officer can proceed oxx his bond at the same time, and avail himself of the indemnity the law provided for him, by judgment and execution at the same time. If the plaintiff’s right to amerce arises from the mere neglect to ■sell, the payment by the debtor or his security in the forthcoming bond of the full value of the goods bonded, would not exonerate ■the sheriff from amercement, although the statute under which it is taken, expressly declares that on failure to deliver the goods, the bond may be discharged by the payment of either the full *valueofthe goods orthe amount of the debt. 29 Ohio L. 103. [455 .An insolvent debtor, therefore, by bonding goods ofsmall value, bearing a trifling proportion to the judgment against him, may refuse ■to deliver, pay the value of them, and throw upon the sheriff the whole balance of the debt, if the creditor choose to exact it. Surely this can not be the law.
The analogy urged by counsel to the liability of the sheriff for .the. body of a defendant, who has given him appearance-bail, is not established. The appearance-bail bond is for the security of the shex-iff and the party. The party may take an assignment if he will; if he do not take it and rule the sheriff to bring in the body, he is, it is true, liable to amercement, if he do not answer the rule; but the law provides abundantly for his security and pro- • tection. He may enter special bail himself, take out a bail piece, .arrest and surrender the party in discharge of his liability. If he do not retake him, the cause, after special bail is entered, progresses *462 regularly to judgment and execution, and- as special bail, he is only liable after execution against the body of the defendant returned not found and after the appearance term of process served upon him upon the recognizance of special bail. Until then, he has time either to collect the money by suit upon the appearance bail bond, or to take the defendant .and surrender him in discharge of his liability. He is thus afforded opportunity to avail himself of the indemnity provided by the law which required him to let his prisoner go on bail. It appears to me what there is of analogy in the two cases is in favor of my construction of the statute, that in such cases the officer is not liable to the extraordinary and summary proceeding by amercement, but is left to his liability at common law, by suit.
I am of opinion the court of common pleas erred in awarding the amercement against the sheriff, and that their judgment ought to be reversed.
In Ring & Rice v. Foster, ante, 279, and in Austin v. Hayden, ante, 388, Judge Wright dissented. His dissenting opinion, in each of these cases, was overlooked when they were put to press. They will be found at the end-of the volume.